[No. 17541.   Department One.   March 9, 1923.]

S. H. MOSHER, *Respondent*, v. ALBERT C. PHILIPS *et al.*,
.*Appellants.*[1]

APPEAL (438)—REVIEW—HARMLESS ERROR—PLEADING. Error can-
not be assigned on sustaining a demurrer to an affirmative defense,
when defendant was allowed to go fully into the matter at the trial.

BILLS AND NOTES (75)—PRESENTMENT—FAILURE OF BANK. The
drawers of a check are liable to the payee where there was a valu-
able consideration for the check, and, notwithstanding the payee
handled it promptly and in due course, the bank on which it was
drawn failed before it could be presented.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered May 27, 1922, upon
findings in favor of the plaintiff, in an action on a
check, tried to the court. Affirmed.

*Fred S. Fogg* and *Jesse Thomas,* for appellant.

*Jno. A. Shackleford* and *Elizabeth.Shackleford,* for
respondent.

MITCHELL, J.—Albert C. Philips was engaged in busi-
ness as a real estate broker. In the course of his busi-
ness he made and delivered his check, drawn on the
Scandinavian American Bank of Tacoma, payable to S.
H. Mosher, in the sum of $1,605, in consideration of a
deed of conveyance of certain real estate by Mosher to a
client or customer of Philips. Upon receipt of the
check, it was handled by the payee in prompt and due
course, but the bank on which it was drawn failed be-
fore it could be presented for payment, whereupon
this suit was brought against the drawer and his wife
to recover $1,605 and interest. Findings, conclusions

[1] Reported in 213 Pac 484.

and judgment were entered for the plaintiff, from which defendants have appealed.

A general demurrer was sustained to an affirmative defense to the effect that the appellants were not the debtors, but agents of the debtor, in making and delivering the check, and that the respondent's right of action, if any, was against the real debtor. The assignment of error that the demurrer was improperly sustained is not now available to the appellants, for the record shows that, in the trial of the case, they were permitted to go fully into that matter. No testimony was excluded or refused. It failed to convince the trial judge, and, upon examining it, we are of the same opinion.

The consideration of the record in all other respects justifies the findings of the trial court that there was a valuable and sufficient consideration for the check, that it was not paid, and that appellants, as husband and wife, are liable for the full amount sued for.

Affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.